Wyly, J.,
concurring. In the decree in this proceeding, under the intrusion act for the office of district attorney pro tem., the court finding that section one of act No. 44 of the acts of 1874 abolished the office, and finding that sections two, three and four of said act, reviving the said office and authorizing the Governor to fill vacancies therein by appointments, are void, because repugnant to article 114 of the constitution, rejected the demand of the plaintiff, and decided that neither the relator nor the defendant was entitled to the office in dispute, because by the statute referred to the office was abolished.
The title of the act is: “An act to repeal sections 1178, 1179, 2760> 2761 of Ray’s Revised Statutes and for other purposes.” These sections of the Revised Statutes, referred to in the title, are the ones creating the office of district attorney pro tem.
Section one repeals those sections, thereby abolishing the office.
Sections two, three and four of said act revive or reinstate the office of district attorney pro tem., and authorize the Governor to fill vacancies therein by appointments.
Vacancies were, by the previous law, filled by the police jury or by the parish judge.
The result, therefore, intended to be accomplished by the enactment of the statute under review was simply to change the manner of filling vacancies in the office of district attorney pro tem.
The General Assembly never intended to abolish the office, as the provision of section one, disconnected from the succeeding sections, would seem to imply.
It is the intention of the lawgiver which the court must seek out, and, if possible, give effect to in interpreting a statute; and the whole act must be construed together in order to determine the intention of its authors.
It results, therefore, from the foregoing observations, that the enactment in question is merely a statute to change the manner of filling vacancies in the office of district attorney pro tem.. This obviously was the intention, meaning and purpose of the law.
Now, the question is : Is this object covered by the title, as required by article 114 of the constitution? Manifestly it is not. It is urged, however, that the title covers the first section, abolishing the office, and that this part of the statute is valid. This would be to make a law which the General Assembly never intended to enact, because, as before stated, considering all the sections together, it is evident the-purpose was to continue the office; but the manner of filling vacancies therein was intended to be changed. This was the evil to be remedied.
In Cooley’s Constitutional Limitations, second edition, page 147, section 5, the author, in discussing the question: What is the effect *441 where the act is broader than the title, says: “But if the act is oroader than the title, it may happen that one part of it can stand, because indicated by the title, while as to the object not indicated by the title it must fail. Some of the State constitutions have declared that this shall be the rule; but the declaration was unnecessary, as the general rule, that so much of an act as is not in conflict with the constitution must be sustained, would have required the same declaration from the courts. If, by striking from the act all that relates to the object not indicated by the title, that which is left is complete in itself, sensible, capable of being executed, and wholly independent of that which is rejected, it must be sustained as constitutional.” On page- 178 the same learned author says: “ Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in the subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it can not be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional part is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. The difficulty is in determining whether the good and the bad parts of the statute are capable of being separated within the meaning of this rule. If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect complete and valid as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fail, unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the Legislature intended them as a whole; and if all could not be carried into effect, the Legislature would not pass the residue independently; then if some parts are unconstitutional, all of the provisions which are thus dependent, conditional or connected, must fall with them.”
Taking the statute altogether, it is impossible to suppose the legislative intention was to abolish the office in question, because this would render meaningless sections two, three and four of said act reviving. *442 the office, providing the manner of filling vacancies and designating the salary appertaining thereto. By striking ont these sections because not covered by the title, and allowing the first section to stand alone, the court will, in effect, make a law defeating the obvious purpose of the General Assembly; it will abolish an office that was not intended to be abolished. This can not be done. None of the sections of the statute can stand, because when disconnected, they do not indicate the legislative will, and as connected, they are not covered by the title.
My conclusion is the statute is unconstitutional, and the title set up by the defendant thereunder is void.
I therefore concur in the decree of this court in this case.